UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL A. LALLI | : |
| | : Civil Action No. 20-1654 |
| | : |
| Plaintiff, | : |
| | : |
| V. | : |
| | : |
| GERALD HECHT AND | : |
| GERALD HECHT & ASSOCIATES | : |
| | : NOVEMBER 03, 2020 |
| Defendants. | : |

## COMPLAINT

I. Jurisdiction and Venue:

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. Plaintiff is a citizen of the State of New York, and Defendant is a citizen of the State of Connecticut.

2. Venue is proper in the District of Connecticut pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

II. The Parties:

3. *The Plaintiff:* The Plaintiff, Michael A. Lalli, was residing in New Milford, Connecticut at the time of the Personal Injury Action and subsequently moved to Carmel, New York during the period of alleged malpractice by Attorney Hecht.

HAROLD A. USHER
ATTORNEY AT LAW
118 COALPIT HILL RD
DANBURY, CT 06810
(203) 948-7290
JURIS NO. 439771

4. *The Personal Injury Defendant:* Carolyne E. McEnery, the original Personal Injury Defendant, was a resident of Darien, Connecticut at the time of the commencement of the Personal Injury Action.

5. *Defendant Gerald Hecht:* At all times relevant hereto, Gerald Hecht was an attorney licensed to practice law in the State of Connecticut and acted as an agent of Gerald Hecht & Associates.

6. *Defendant Gerald Hecht & Associates:* At all times pertinent herein, Gerald Hecht & Associates, is a sole proprietorship located at 65 Main Street, Danbury, Connecticut that provides general legal services.

III. The Personal Injury Action

7. On or about January 22, 2013 at approximately 8:00 a.m. the Plaintiff, Michael A. Lalli, was operating his 2004 Jeep Grand Cherokee westbound on the Post Road (also known as Route 1) in Darien, Connecticut.

8. On the same date and time, Carolyne E. McEnery was operating a 2008 BMW 535xi westbound on the Post Road in Darien, Connecticut in front of the Plaintiff's vehicle.

9. That McEnery activated her right turn indicator and commenced a right turn into a commercial driveway.

10. That, after commencing her right turn into the commercial driveway, McEnery, suddenly and without warning, turned left and reentered traffic as the Plaintiff was passing her location, striking the Plaintiff's vehicle in its right side.

11. That, as a result of McEnery's sudden maneuver, McEnery's vehicle violently struck Plaintiff's vehicle.

12. Said collision and Plaintiff's resulting injuries were the direct and proximate result of McEnery's negligence in that McEnery, including but not limited to:

    a) made an improper left turn in violation of Connecticut General Statute §14-242;

HAROLD A. USHER
ATTORNEY AT LAW
118 COALPIT HILL RD
DANBURY, CT 06810
(203) 948-7290
JURIS NO. 439771

    b) failed to keep a proper lookout;

    c) failed to maintain proper control of her vehicle at all times mentioned herein;

    d) failed to exercise that degree of care which a reasonable and prudent person would have exercised under the same or similar circumstances.

13. As a result of the collision, Plaintiff Michael Lalli suffered the following injuries, all or part of which may be permanent:

    a) Pain and strain of neck muscles;

    b) Thoracic herniation;

    c) Muscle spasms of the back;

    d) Low back pain, strain and tightness;

    e) Cervical sprain and strain;

    f) Exacerbation of previous neck injury;

    g) Diminished strength to the cervical spine;

    h) Pain to the cervical spine;

    i) Loss of range of motion;

    j) Relapse of a previous opiate addiction;

    k) Headaches;

    l) Permanent spinal cord injury;

    m) Emotional distress; and

    n) Other permanent pain and suffering.

14. As a result of suffering said injuries, Plaintiff has incurred and may continue to incur expenses for medical care, treatment and other related expenses for treatment of his injuries, all to his financial loss.

HAROLD A. USHER
ATTORNEY AT LAW
118 COALPIT HILL RD
DANBURY, CT 06810
(203) 948-7290
JURIS NO. 439771

15. As a result of having sustained the injuries, Plaintiff has been caused to suffer and will continue to suffer an overall physical discomfort which imposes restrictions on his ability to enjoy all of life's activities.

16. As a further result of the negligence and carelessness of the defendant, the plaintiff is suffering and will continue to suffer from pain, discomfort, soreness, emotional distress, post-traumatic stress, limitation of motion, and restriction of activity.

III.  Legal Malpractice

17. Plaintiff retained Attorney Gerald Hecht of Gerald Hecht & Associates to provide legal representation to recover for his injuries that resulted from the motor vehicle collision on January 22, 2013 (the "Personal Injury Action").

18. Defendant Hecht was already representing Plaintiff in unrelated matters at the time he was retained to represent the Plaintiff in the Personal Injury Matter against McEnery.

19. Plaintiff engaged Defendant Hecht and GHA on February 16, 2013 to represent him in the Personal Injury Action.

20. Upon being retained by the Plaintiff, Defendant Hecht engaged in lengthy negotiations with the Defendants' insurance company.

21. On December 23, 2014, Defendant Hecht, as Plaintiff's attorney, filed an Application for Prejudgment Remedy in the Judicial District of Litchfield at Litchfield bearing Docket Number LLI-CV14-5007542-S.

22. During the time Defendants represented Plaintiff in the PIA, Defendants also represented Plaintiff in an application for disability benefits due to the severity of the injuries he sustained during the motor vehicle collision of January 21, 2013. On or about July 01, 2015 Plaintiff was granted Social Security Disability benefits.

HAROLD A. USHER
ATTORNEY AT LAW
118 COALPIT HILL RD
DANBURY, CT 06810
(203) 948-7290
JURIS NO. 439771

23. Defendants continued to represent Plaintiff in his personal injury action beyond the date disability was granted.

24. Upon information and belief, Defendant Hecht told Plaintiff that he thought that Plaintiff was entitled to a "large settlement" in the Personal Injury Action.

25. Throughout the remainder of 2015 and the subsequent two years following, Plaintiff was in communication with Defendant Hecht about the Personal Injury Action.

26. *Michael A. Lalli et. al v. Carolyne E. McEnery*, Docket #LLI-CV14-5007542-S was served upon McEnery on May 04, 2015. Plaintiff sought monetary damages.

27. *Michael A. Lalli et. al v. Carolyne E. McEnery* was dismissed when the Court granted Defendant's Motion for Summary Judgment on Plaintiff's failure to bring suit prior to the expiration of the Statute of Limitations.

28. The reason for the dismissal cited by the Court was the expiration of the Statute of Limitations on January 22, 2015, nearly three months prior to the service of the Summons and Complaint in *Michael A. Lalli et. al v. Carolyne E. McEnery* on April 19, 2015.

29. Defendant Hecht did not inform Plaintiff of the dismissal of the Personal Injury Action.

30. Despite being aware that the Personal Injury Action had been dismissed, Defendant Hecht continued to represent to the Plaintiff that the case was "winding through the courts."

31. Defendant Hecht filed an appeal of *Michael A. Lalli et. al v. Carolyne E. McEnery* with the State of Connecticut Court of Appeals on June 06, 2016 bearing docket number AC 39283 without notifying the Plaintiff, discussing the appeal with the plaintiff, or being engaged to file such appeal.

32. In the Fall of 2016, Plaintiff notified Defendant Hecht that he desired to hire alternate counsel to represent him in the Personal Injury Action. However, Defendant Hecht

HAROLD A. USHER
ATTORNEY AT LAW
118 COALPIT HILL RD
DANBURY, CT 06810
(203) 948-7290
JURIS NO. 439771

convinced the Plaintiff to allow him to continue to represent the Plaintiff because Defendant Hecht could get the Plaintiff the same compensation another attorney would be able to recover for him.

33. On or about December 2016, the Plaintiff inquired of Defendant Hecht about the status of the Personal Injury Action and why the case was taking so long.

34. Defendant Hecht reported to Plaintiff that things were "delayed" at the courthouse because the Litchfield courthouse had recently moved to Torrington and, due to the move, cases were being delayed up to a year.

35. Defendant Hecht assured Plaintiff that everything was on track with Plaintiff's personal injury case.

36. Defendant Hecht continued to represent Plaintiff in the Personal Injury Action throughout the next 18 months.

37. In the Spring of 2018 Plaintiff retained Defendant Hecht to represent him in a minor criminal matter.

38. During Defendant Hecht's representation of Plaintiff throughout the spring and summer of 2018, Plaintiff spoke to Defendant Hecht on at least four separate occasions about the Personal Injury Action. Defendant Hecht represented to Plaintiff that they were awaiting an upcoming court date.

39. During one of the discussions in the Summer of 2018, Defendant Hecht told Plaintiff that the judge in the personal injury case had gotten "upset" with him and "yelled" at Defendant Hecht about some paperwork Defendant Hecht filed. However, Defendant Hecht didn't tell Plaintiff why the judge became "upset."

40. In November 2018, around Thanksgiving, Plaintiff yet again inquired of Defendant Hecht about the status of the Personal Injury Action. It was only then, nearly 18 months after the Personal Injury Action had been dismissed, that Defendant Hecht told the

HAROLD A. USHER
ATTORNEY AT LAW
118 COALPIT HILL RD
DANBURY, CT 06810
(203) 948-7290
JURIS NO. 439771

Plaintiff that his case was "over with." Defendant Hecht was dismissive of Plaintiff during the call and did not tell Plaintiff why the case was dismissed before the phone call ended.

41. Plaintiff was extremely distraught to learn that the Personal Injury Action had concluded unsuccessfully and that Plaintiff would not be compensated for his pain and suffering.

42. Plaintiff suffered severe anxiety, depression and headaches and could not sleep following the news from Defendant Hecht that Plaintiff would not recover for his damages.

43. In March of 2019, after consulting with another attorney, Plaintiff learned that the Personal Injury Action had actually been dismissed in May of 2016 due to the expiration of the statute of limitation and that Defendant Hecht filed and lost an appeal on Plaintiff's behalf.

IV. <u>Count One: Legal Malpractice by Attorney Gerald Hecht</u>

44. Paragraphs five through forty-one are hereby incorporated as if expressly set forth herein.

45. Defendant Hecht, as counsel for the Plaintiff, owed the Plaintiff the duty to act within the standard of care, skill and loyalty that attorneys undertaking similar matters in Connecticut ordinarily possess and practice.

46. Defendant Hecht, in violation of his duty, failed to provide the standard of care, skill and loyalty that attorneys undertaking similar matters in Connecticut ordinarily possess and practice.

47. Defendant Hecht was negligent in his acts and/or omissions, in one or more of the following respects:

HAROLD A. USHER
ATTORNEY AT LAW
118 COALPIT HILL RD
DANBURY, CT 06810
(203) 948-7290
JURIS NO. 439771

a. He failed to serve and file the Summons and Complaint in the personal injury matter prior to the expiration of the statute of limitations;

b. He misled the Plaintiff into believing that he would protect the Plaintiff's interests and act fairly to the Plaintiff, but failed to do so;

c. He failed to notify Plaintiff of the dismissal of the personal injury matter in a timely manner;

d. He filed an appeal of the trial court's decision to dismiss the case on Summary Judgment without the Plaintiff's knowledge or consent;

e. He withheld the final disposition of the appeal from Plaintiff;

f. He failed to properly inform the Plaintiff of his legal options after the dismissal of the personal injury matter;

g. He failed to give Plaintiff information pertaining to his rights so that he could make informed decisions about his options for receiving compensation after the case was dismissed due to a lapse of the statute of limitations;

h. He failed to provide competent representation to the Plaintiff, including the legal skill, knowledge, thoroughness and preparation reasonably necessary for the representation.

i. He failed to zealously pursue the Plaintiff's interests;

j. He failed to inform the Plaintiff of his rights;

k. He failed to keep the Plaintiff informed at all times;

l. He failed to act with reasonable diligence in his representation of the Plaintiff;

m. He violated the Rules of Professional Conduct;

n. He failed to proceed in a manner reasonably calculated to advance the Plaintiff's lawful objectives;

o. He failed to deal honestly with the Plaintiff.

HAROLD A. USHER
ATTORNEY AT LAW
118 COALPIT HILL RD
DANBURY, CT 06810
(203) 948-7290
JURIS NO. 439771

48. As a result of Defendant Hecht's negligence, the Plaintiff has sustained damages, inter alia, a total lack of compensation for his fully-disabling injuries sustained during the motor vehicle accident of January 22, 2013 for which Plaintiff's lawsuit was dismissed because of Defendant Hecht's negligence in failing to file a lawsuit in advance of the lapse of the statute of limitations for this type of case.

49. In addition, as a result of Defendant Hecht's negligence, the Plaintiff has suffered emotional distress.

V.  Count Two: Legal Malpractice by Gerald Hecht & Associates

50. Paragraphs five through forty-one are hereby incorporated as if expressly set forth herein.

51. Gerald Hecht & Associates, as law firm for the Plaintiff, owed the Plaintiff the duty to act within the standard of care, skill and loyalty that attorneys undertaking similar matters in Connecticut ordinarily possess and practice.

52. Gerald Hecht & Associates' agent, Defendant Hecht, in violation of his duty, failed to provide the standard of care, skill and loyalty that attorneys undertaking similar matters in Connecticut ordinarily possess and practice.

53. Gerald Hecht & Associates' agent, Defendant Hecht, was negligent in his acts and/or omissions, in one or more of the following respects:

    a. Gerald Hecht & Associates' agent, Defendant Hecht, failed to serve and file the Summons and Complaint in the personal injury matter prior to the expiration of the statute of limitations;

    b. Gerald Hecht & Associates' agent, Defendant Hecht, misled the Plaintiff into believing that he would protect the Plaintiff's interests and act fairly to the Plaintiff, but failed to do so.

HAROLD A. USHER
ATTORNEY AT LAW
118 COALPIT HILL RD
DANBURY, CT 06810
(203) 948-7290
JURIS NO. 439771

c. Gerald Hecht & Associates' agent, Defendant Hecht, failed to notify Plaintiff of the dismissal of the personal injury matter in a timely manner;

d. Gerald Hecht & Associates' agent, Defendant Hecht, filed an appeal of the trial court's decision to dismiss the case on Summary Judgment without the Plaintiff's knowledge or consent;

e. Gerald Hecht & Associates' agent, Defendant Hecht, withheld the final disposition of the appeal from Plaintiff;

f. Gerald Hecht & Associates' agent, Defendant Hecht, failed to properly inform the Plaintiff of his legal options after the dismissal of the personal injury matter;

g. Gerald Hecht & Associates' agent, Defendant Hecht, failed to give Plaintiff information pertaining to his rights so that he could make informed decisions about his options for receiving compensation after the case was dismissed due to a lapse of the statute of limitations;

h. Gerald Hecht & Associates' agent, Defendant Hecht, failed to provide competent representation to the Plaintiff, including the legal skill, knowledge, thoroughness and preparation reasonably necessary for the representation;

i. Gerald Hecht & Associates' agent, Defendant Hecht, failed to zealously pursue the Plaintiff's interests;

j. Gerald Hecht & Associates' agent, Defendant Hecht, failed to inform the Plaintiff of his rights;

k. Gerald Hecht & Associates' agent, Defendant Hecht, failed to keep the Plaintiff informed at all times;

l. Gerald Hecht & Associates' agent, Defendant Hecht, failed to act with reasonable diligence in his representation of the Plaintiff;

HAROLD A. USHER
ATTORNEY AT LAW
118 COALPIT HILL RD
DANBURY, CT 06810
(203) 948-7290
JURIS NO. 439771

    m. Gerald Hecht & Associates' agent, Defendant Hecht, violated the Rules of Professional Conduct;

    n. Gerald Hecht & Associates' agent, Defendant Hecht, failed to proceed in a manner reasonably calculated to advance the Plaintiff's lawful objectives;

    o. Gerald Hecht & Associates' agent, Defendant Hecht, failed to deal honestly with the Plaintiff.

54. As a result of Gerald Hecht & Associates' agent, Defendant Hecht's, negligence, the Plaintiff has sustained damages, inter alia, a total lack of compensation for his fully-disabling injuries sustained during the motor vehicle accident of January 22, 2013 for which Plaintiff's lawsuit was dismissed because of Gerald Hecht & Associates' agent, Defendant Hecht's, negligence in failing to file a lawsuit in advance of the lapse of the statute of limitations for this type of case.

55. In addition, as a result of Gerald Hecht & Associates' agent, Defendant Hecht's, negligence, the Plaintiff has suffered emotional distress.

VI. <u>Count Three: Breach of Fiduciary Duty by Attorney Gerald Hecht</u>

56. Paragraphs five through forty-one are hereby incorporated as if expressly set forth herein.

57. Defendant Hecht, as the attorney for the Plaintiff, owed a fiduciary duty to the Plaintiff in his representation of the Plaintiff and in all his dealings with the Plaintiff. He owed to the Plaintiff a duty of loyalty, a duty to act in his best interests and a duty to act in good faith in all matters pertaining to the Plaintiff's motor vehicle accident litigation.

58. The Plaintiff placed his trust in Defendant Hecht to properly represent him and to act in Plaintiff's best interests at all times.

HAROLD A. USHER
ATTORNEY AT LAW
118 COALPIT HILL RD
DANBURY, CT 06810
(203) 948-7290
JURIS NO. 439771

59. The Plaintiff believed that Defendant Hecht, based upon his representations, had superior knowledge, skill and expertise in the representation and relied on Defendant Hecht to represent and advise him in the litigation.

60. The Plaintiff relied on Defendant Hecht to protect him and to be loyal and honest to him but, instead, Defendant Hecht misled Plaintiff about the status of the personal injury action and filed an appeal for which he was not retained in order to revive the case that was dismissed because Defendant Hecht failed to file suit by the expiration of the statute of limitations when he was legal counsel for the Plaintiff.

61. As aforesaid, the actions of Defendant Hecht constituted a breach of his fiduciary duty in the following respects:

a. He failed to serve and file the Summons and Complaint in the personal injury matter prior to the expiration of the statute of limitations;

b. He misled the Plaintiff into believing that he would protect the Plaintiff's interests and act fairly to the Plaintiff, but failed to do so;

c. He failed to notify Plaintiff of the dismissal of the personal injury matter in a timely manner.

d. He filed an appeal of the trial court's decision to dismiss the case on Summary Judgment without the Plaintiff's knowledge or consent;

e. He withheld the final disposition of the appeal from Plaintiff;

f. He failed to properly inform the Plaintiff of his legal options after the dismissal of the personal injury matter;

g. He failed to provide the name of his malpractice carrier to the Plaintiff upon request after Plaintiff found out Defendant Hecht had failed to file the lawsuit prior to the expiration of the statute of limitations.

HAROLD A. USHER
ATTORNEY AT LAW
118 COALPIT HILL RD
DANBURY, CT 06810
(203) 948-7290
JURIS NO. 439771

62. The Plaintiff has suffered monetary damages as a result of Defendant Hecht's breach of his fiduciary duties as counsel for the Plaintiff.

VII.    <u>Count Four: Breach of Fiduciary Duty by Gerald Hecht & Associates</u>

63. Paragraphs five through forty-one are hereby incorporated as if expressly set forth herein.

64. Defendant Gerald Hecht & Associates, as the law firm for the Plaintiff, owed a fiduciary duty to the Plaintiff in his representation of the Plaintiff and in all of his dealings with the Plaintiff. It owed to the Plaintiff a duty of loyalty, a duty to act in his best interests and a duty to act in good faith in all matters pertaining to the Plaintiff's motor vehicle accident litigation.

65. The Plaintiff trusted Defendant Gerald Hecht & Associates and put his trust in Defendant Gerald Hecht & Associates to properly represent him and to act in his best interests at all times.

66. The Plaintiff believed that Defendant Gerald Hecht & Associates, based upon its agent's Gerald Hecht's representations, had superior knowledge, skill and expertise in the representation and relied on Defendant Gerald Hecht & Associates to represent and advise him in the litigation.

67. The Plaintiff relied on Defendant Gerald Hecht & Associates to protect him and to be loyal and honest to him but, instead, Gerald Hecht & Associates' agent, Defendant Hecht, misled Plaintiff about the status of the personal injury action and filed an appeal for which he was not retained in order to revive the case that was dismissed because Gerald Hecht & Associates' agent, Defendant Hecht, failed to file suit by the expiration of the statute of limitations when their agent was legal counsel for the Plaintiff.

68. As aforesaid, the actions of Defendant Gerald Hecht & Associates constituted a breach of its fiduciary duty in the following respects:

HAROLD A. USHER
ATTORNEY AT LAW
118 COALPIT HILL RD
DANBURY, CT 06810
(203) 948-7290
JURIS NO. 439771

    a. Gerald Hecht & Associates' agent, Defendant Hecht, failed to serve and file the Summons and Complaint in the personal injury matter prior to the expiration of the statute of limitations;

    b. Gerald Hecht & Associates' agent, Defendant Hecht, misled the Plaintiff into believing that he would protect the Plaintiff's interests and act fairly to the Plaintiff, but failed to do so;

    c. Gerald Hecht & Associates' agent, Defendant Hecht, failed to notify Plaintiff of the dismissal of the personal injury matter in a timely manner;

    d. Gerald Hecht & Associates' agent, Defendant Hecht, filed an appeal of the trial court's decision to dismiss the case on Summary Judgment without the Plaintiff's knowledge or consent;

    e. Gerald Hecht & Associates' agent, Defendant Hecht, withheld the final disposition of the appeal from Plaintiff;

    f. Gerald Hecht & Associates' agent, Defendant Hecht, failed to properly inform the Plaintiff of his legal options after the dismissal of the personal injury matter;

    g. Gerald Hecht & Associates' agent, Defendant Hecht, failed to provide the name of his malpractice carrier to the Plaintiff upon request after Plaintiff found out Defendant Hecht had failed to file the lawsuit prior to the expiration of the statute of limitations.

69. The Plaintiff has suffered monetary damages as a result of Gerald Hecht & Associates' agent, Defendant Hecht breach of his fiduciary duties as counsel for the Plaintiff.

VIII.    <u>Count Five: Intentional Infliction of Emotional Distress by Attorney Gerald Hecht</u>

70. Paragraphs five through forty-one are hereby incorporated as if expressly set forth herein.

HAROLD A. USHER
ATTORNEY AT LAW
118 COALPIT HILL RD
DANBURY, CT 06810
(203) 948-7290
JURIS NO. 439771

71. The aforementioned actions of Defendant Hecht intentionally or recklessly caused the Plaintiff emotional distress.

72. The aforementioned conduct of Defendant Hecht was extreme and outrageous in that he misled Plaintiff over a long period of time about the status of his personal injury lawsuit, which had been dismissed on Summary Judgment.

73. The Plaintiff's emotional distress, including but not limited to stress, emotional upset, sleeplessness, headache, muscle tension, fatigue and loss of appetite was a direct result of Defendant Hecht's conduct.

74. The Plaintiff's emotional distress, including but not limited to stress, emotional upset, sleeplessness, headache, muscle tension, fatigue and loss of appetite was severe enough that it could have, and at times did, result in illness as described herein.

75. Defendant Hecht's conduct was the cause of Plaintiff's distress, as stated herein.

Intentional Infliction of Emotional Distress by Defendant Gerald Hecht & Associates

76. The aforementioned actions of Gerald Hecht & Associates' agent, Defendant Hecht intentionally or recklessly caused the Plaintiff emotional distress.

77. The aforementioned conduct of Gerald Hecht & Associates' agent, Defendant Hecht was extreme and outrageous in that he misled Plaintiff over a long period of time about the status of his personal injury lawsuit, which had been dismissed on Summary Judgment.

78. The Plaintiff's emotional distress, including but not limited to stress, emotional upset, sleeplessness, headache, muscle tension, fatigue and loss of appetite was a direct result of Gerald Hecht & Associates' agent, Defendant Hecht conduct.

HAROLD A. USHER
ATTORNEY AT LAW
118 COALPIT HILL RD
DANBURY, CT 06810
(203) 948-7290
JURIS NO. 439771

79. The Plaintiff's emotional distress, including but not limited to stress, emotional upset, sleeplessness, headache, muscle tension, fatigue and loss of appetite was severe enough that it could have, and at times did, result in illness as described herein.

80. Gerald Hecht & Associates' agent, Defendant Hecht's conduct was the cause of Plaintiff's distress, as stated herein.

IX. <u>Count Six: Intentional Infliction of Emotional Distress by Gerald Hecht & Associates</u>

81. Paragraphs five through forty-one are hereby incorporated as if expressly set forth herein.

82. The aforementioned actions of Defendant Hecht negligently caused the Plaintiff emotional distress.

83. The aforementioned conduct of Defendant Hecht was extreme and outrageous in that he misled Plaintiff over a long period of time about the status of his personal injury lawsuit, which had been dismissed on Summary Judgment.

84. The Plaintiff's emotional distress, including but not limited to stress, emotional upset, sleeplessness, headache, muscle tension, fatigue and loss of appetite was a direct result of Defendant Hecht's negligence.

85. The Plaintiff's emotional distress, including but not limited to stress, emotional upset, sleeplessness, headache, muscle tension, fatigue and loss of appetite was severe enough that it could have, and at times did, result in illness as described herein.

86. Defendant Hecht's negligence was the cause of Plaintiff's distress, as stated herein.

X. <u>Count Seven: Negligent Infliction of Emotional Distress by Attorney Gerald Hecht</u>

87. Paragraphs five through forty-one are hereby incorporated as if expressly set forth herein.

88. The aforementioned actions of Defendant Hecht negligently caused the Plaintiff emotional distress.

HAROLD A. USHER
ATTORNEY AT LAW
118 COALPIT HILL RD
DANBURY, CT 06810
(203) 948-7290
JURIS NO. 439771

89. The aforementioned conduct of Defendant Hecht was extreme, outrageous and egregious in that he misled Plaintiff over a long period of time about the status of his personal injury lawsuit, which had been dismissed on Summary Judgment.

90. The Plaintiff's emotional distress, including but not limited to stress, emotional upset, sleeplessness, headache, muscle tension, fatigue and loss of appetite was a direct result of Defendant Hecht's negligence.

91. The Plaintiff's emotional distress, including but not limited to stress, emotional upset, sleeplessness, headache, muscle tension, fatigue and loss of appetite was severe enough that it could have, and at times did, result in illness as described herein.

92. Defendant Hecht's negligence was the cause of Plaintiff's distress, as stated herein.

XI. <u>Count Eight: Negligent Infliction of Emotional Distress by Gerald Hecht & Associates</u>

93. Paragraphs five through forty-one are hereby incorporated as if expressly set forth herein.

94. The aforementioned actions of Gerald Hecht & Associates' agent, Defendant Hecht negligently caused the Plaintiff emotional distress.

95. The aforementioned conduct of Gerald Hecht & Associates' agent, Defendant Hecht was extreme, outrageous and egregious in that he misled Plaintiff over a long period of time about the status of his personal injury lawsuit, which had been dismissed on Summary Judgment.

96. The Plaintiff's emotional distress, including but not limited to stress, emotional upset, sleeplessness, headache, muscle tension, fatigue and loss of appetite was a direct result of Gerald Hecht & Associates' agent, Defendant Hecht's negligence.

97. The Plaintiff's emotional distress, including but not limited to stress, emotional upset, sleeplessness, headache, muscle tension, fatigue and loss of appetite was severe enough that it could have, and at times did, result in illness as described herein.

HAROLD A. USHER
ATTORNEY AT LAW
118 COALPIT HILL RD
DANBURY, CT 06810
(203) 948-7290
JURIS NO. 439771

98. Gerald Hecht & Associates' agent, Defendant Hecht's negligence was the cause of Plaintiff's distress, as stated herein.

WHEREFORE, Plaintiff claims:

1. Damages;

2. Costs;

3. Prejudgment and post-judgment interest as allowed by law; and

4. Such other and further equitable relief as the Court may deem appropriate, 4

Hereof, fail, not, but make due service and return.

Dated at Danbury, Connecticut, this 3rd day of November, 2020.

        THE PLAINTIFF
        MICHAEL A. LALLI

By:   /s/ Harold A. Usher
       Harold A. Usher (ct30758)
       Usher Law Office LLC
       118 Coalpit Hill Road
       Danbury, Connecticut 06810
       Phone: (203) 948-7290
       Fax: (203) 798-8848

HAROLD A. USHER
ATTORNEY AT LAW
118 COALPIT HILL RD
DANBURY, CT 06810
(203) 948-7290
JURIS NO. 439771